# UNITED STATES DISTRICT COURT

for the

*Eastern* District of *Texas*

*Sherman* Division

Calhoun, Teressa Rena

**Plaintiff(s)**

*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

Stearns Lending LLC

Loan Care LLC

**Defendant(s)**

*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

Case No. 4:19cv55

*(to be filled in by the Clerk's Office)*

FILED

JAN 2 4 2019

Clerk, U.S. District Court
Texas Eastern

## COMPLAINT AND REQUEST FOR INJUNCTION

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name                    Teressa Rena Calhoun
Street Address          1716 Megan Creek Drive
City and County         Little Elm, Denton
State and Zip Code      Texas  75068
Telephone Number        913-406-0026
E-mail Address

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of 6

Calhoun, Teressa M.

V.

Stearns Lending LLC
Loan Care LLC

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

**Defendant No. 1**

Name     Stearns Lending LLC

Job or Title *(if known)*

Street Address     4 Hutton Centre Dr. FL 10

City and County     Santa Ana, Orange County

State and Zip Code     CA    92707

Telephone Number     714-513-7777, 800-350-5363

E-mail Address *(if known)*

**Defendant No. 2**

Name     Loan Care LLC

Job or Title *(if known)*

Street Address     3637 Sentara Way

City and County     Virginia Beach, Virginia Beach City

State and Zip Code     VA    23452

Telephone Number     800-274-6600, 855-876-9205

E-mail Address *(if known)*

**Defendant No. 3**

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

**Defendant No. 4**

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Calhoun, Teressa R.

V.

Stearns Lending LLC

Loan Care LLC

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## II.     Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[X] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.     If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

See: Attachment #7 pages - 1-10

### B.     If the Basis for Jurisdiction Is Diversity of Citizenship

1.     The Plaintiff(s)

    a.     If the plaintiff is an individual

       The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b.     If the plaintiff is a corporation

       The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____

       *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.     The Defendant(s)

    a.     If the defendant is an individual

       The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Page 3 of 6

Calhoun, Teressa R.   V.   Stearns Lending LLC
Loan Care LLC

# Complaint and Request for Injunction

II. A. Basis for Jurisdiction as a
Federal Question

Federal Statutes, Federal Treaties
and Provisions of the U. S.
Constitution that are at issue
in this Case:

- 12 USC 2702 (1)(2)(3)(4)(6)
  Mortgages Eligible for
  assistance

- 12 USC 3755 (a)(2)(A)
  Single Family Mortgage Foreclosure
  Prerequisites To Foreclosure
  No Other Pending Proceedings

Teressa R. Calhoun
Attachment # 7

page 1 of 10

Calhoun, Teressa R.   v.   Stearns Lending LLC
                                          Loan Care LLC

Complaint and Request for Injunction

II. A.   Basis for Jurisdiction as a
         Federal Question

   12 USC 4903
• Homeowner's Protection
  Transactions of Modifications
  Need Written Disclosures (Notices),
  Timely To Avoid ...

• 12 USC 5201 (B) (D)
  Emergency Economic Stabilization,
  Troubled Asset Relief Program —
  Subchapter 1, Foreclosure
  Mitigation Efforts

Teressa R. Calhoun
Attachment # 7                      page 2

Calhoun, Teressa R.    v.    Stearns Lending LLC
                                   Loan Care LLC

Complaint and Request for Injunction

II. A.  Basis for Jurisdiction as a
        Federal Question

- 12 USC 5219 (C)
  Residential Mortgage Loan
  Servicing Standards, Consent
  to reasonable loan modifications
  request of term extensions,
  rate reductions and principle
  write downs

- 12 USC 5220 (b)
  Homeowner Assistance by
  Agencies (2) (A) (B)(C), Action
  with Respect to Servicers
  (1) (2), Hope for Homeowners
  Program - Section 1715 z - 23

Teressa R. Calhoun
Attachment # 7                    page 3

Calhoun, Teressa R.    v.    Stearns Lending LLC
Loan Care LLC

## Complaint and Request for Injunction

II. A.    Basis for Jurisdiction as a
Federal Question

- 12 USC 5491 – 5497
Wallstreet Reform and Consumer
Protection, Subchapter V —
Bureau of Consumer Financial
Protection (CFPB – Consumer
Financial Protection Bureau)

Truth in Lending Act (Reg. Z)
and Real Estate Settlement
Procedures Act (Reg. X) for
Disclosure Rules

Teressa R. Calhoun
Attachment # 7                    page 4

Calhoun, Teressa R.    V.    Stearns Lending LLC
Loan Care LLC

Complaint and Request for Injunction

II. A.  Basis for Jurisdiction as a
Federal Question

Executive Summary of the "2016"
Mortgage Servicing Rule by the
Consumer Financial Protection
Bureau, Dated: Oct. 18, "2017",
See: Notices Given - page 6,
Loss Mitigation Packets and
Foreclosures - page 7, Loss Miti-
gation Servicers' needing docu-
ments of proof and servicers
sending written notices within
30-days and writting, promptly,
the Loss Mitigation Determina-
tion to notify borrowers.

Teressa R. Calhoun
Attachment #7

page 5

Calhoun, Teressa R.  V.  Stearns Lending LL
Loan Care LLC

Complaint and Request for Injunction

II. A.  Basis for Jurisdiction as a
Federal Question

Executive Summary of the "2016"
Mortgage Servicing Rule states
Loss Mitigation may offer short-
term payment forebearance pro-
gram. The Servicer must pro-
vide a written notice, promptly,
of the accepted, short-term
payment forebearance plan, must
State specific payment terms,
duration of the plan and other
specific information.

When can a Servicer stop
collecting documents and infor-
mation for Loss Mitigation
efforts for the Homeowner? See
page - 8.

Teressa P. Calhoun
Attachment # 7

page 6

Calhoun, Teressa R.  V.  Stearns Lending LL
                                Loan Care LLC

Complaint and Request for Injunction

II.A.  Basis for Jurisdiction as a
       Federal      Question

Executive Summary of the "2016"
Mortgage Servicing Rule states
the Prompt Payment Crediting of
Periodic Payments for temporary
Loss Mitigation Programs - page - 9

Noting that the Dodd-Frank Act,
Wallstreet Reform, Truth in Lending
Act, Real Estate settlement Pro-
cedure Act are now housed under
the Consumer Financial Protection
Bureau.

Teressa R. Calhoun

Attachment # 7                    page 7

Calhoun, Teressa R.[11]    V.    Stearns Lending LLC
                                 Loan Care LLC

Complaint and Request for Injunction

II. A.    Basis for Jurisdiction as a
          Federal Question

- 15 USC 1638 (2)(F)(G)
  Part B - Credit Transactions

- 15 USC 1692 d
  Harassment or Abuse

- 15 USC 1692 e
  False or Misleading
  Representations

- 15 USC 1692 f
  Unfair Practices

- 15 USC 1692 g
  Validation of Debt, Notices

- 15 USC 1601 - 1693 n
  Consumer Credit Protection

Teressa R. Calhoun
Attachment # 7                    page  8

Calhoun, Teressa R.    v.    Stearns Lending LLC
                                    Loan Care LLC

## Complaint and Request for Injunction

II. A.    Basis for Jurisdiction as a
          Federal Question

- 31 USC 3802
  Subtitle III. Financial Management,
  Administrative Remedies for
  False Claims and Statements,
  Liability (a) (1) (A) (C) (ii) (i) (iii)
  false, fraudulent and omits
  material facts (B), Penalties
  (2) (A) (B) (C)

Teressa R. Calhoun

Attachment #7                    page 9

Calhoun, Teressa R. V. Stearns Lending L L C
                                    Loan Care L L C

Complaint and Request for Injunction

II. A.    Basis for Jurisdiction as a
          Federal Question

- 31 USC 5324
  Subtitle IV. Money, Monetary Trans-
  actions, Subchapter II - Records
  and Reports on Monetary Instru-
  ments Transactions, Structuring
  Transactions To Evade Reporting
  Requirement Prohibited (a) 2,
  (d) 2, for material omission or
  misstatement of fact, and
  enhanced penalty for aggravated
  cases of violations that occur
  as a pattern, within a 12-
  month period and involving
  more than $100,000.00

Teressa R. Calhoun
Attachment #7                    page  10

Calhoun James
v.
Stearns Lending LLC
Loan Care LLC

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

      b.    If the defendant is a corporation

          The defendant, *(name)* _____, is incorporated under

          the laws of the State of *(name)* _____, and has its

          principal place of business in the State of *(name)* _____.

          Or is incorporated under the laws of *(foreign nation)* _____,

          and has its principal place of business in *(name)* _____.

          *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

      3.    The Amount in Controversy — House Foreclosure

          The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

          Short Term Loss — $ 209,000.00

          Long Term Loss — $380,000.00 to $490,000.00

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

    See: Attachment # 8, pages 1-17

B.    What date and approximate time did the events giving rise to your claim(s) occur?

    See: Attachment # 8, pages 1-17

Calhoun, Teressa R. v. Stearns Lending LLC

# Complaint

## III. Statement of claim

On Thursday, Nov. 17, 2016, I spoke with Alexander Matthews around noon-time, concerning his examination of the pay-stubs I had faxed to Loan Care, to Alex Matthews as a Loss Mitigation Specialist for Loan Care.

I had just completed a year-12-months Forebearance Payment Plan and Modification Application Packet^that was said to be complete (by Loan Care) during the prior month of Oct. "2016". The only thing needed to be examined was the 30-day, proof of employment, pay-stubs and they were faxed. Monday, Nov. 14, "2016", Loan Care Specialist - Alexander

Attachment # 8        Teressa R. Calhoun        page 1 of 17

Calhoun Teresa R                                    Fidelity National LLC
                                                Loan Care   LLC

Statement of Claim

III.

Matthews responded with an email to me, saying "All pay-stubs were received" (email at 2:30 PM).

When I spoke with Alexander Matthews on the phone, for the decision of the Loan Modification, he said he could not approve the Loan Modification because Loan Care does not approve temp, service, labor, for Substitute Teachers, as I had been working for Kelly Services as a Substitute Teacher for 6-prior months. My response — was that I had been a Substitute Teacher for 11-years in Kansas and Missouri states and was always hired by school-districts and that Texas allowed Substitutes Teachers to be hired by Kelly Temp Services. Alexander Matthews said Loan Care requires Substitute Teachers to be hired by school districts.

Attachment #8

page 2

Calhoun, Teressa R.                          Stearns Lending LLC
                                             Loan Care LLC

Statement of Claim

III.

I then asked A. Matthews,
what was I supposed to do now.
He didn't have a response and
the phone conversation was over.

After that day, I never got
a Denial Letter or a Determination
Letter concerning the Loan
Modification Forebearance
Payment Plan. The details of
the Plan that were given in
Nov. "2015", doesn't talk about
a type of job or what is
not accepted as an employer.

So, I started looking for a
Substitute Teaching job in a
school district, hiring, situation.
I started the hiring, process with
Frisco school district. Their appli-
cation ask are you contracted with
another school district and I

Attachment # 8

page 3

Calhoun, Teressa R. V. Stearns Lending LLC
Loan Care LLC

Statement of Claim

III.

replied, no. As Kelly Services is not a school district and I thought the employment was At Will Employment in the state of Texas. Well, Frisco school district did not hire me, as it looked like I lied and Kelly Services fired me.

So in the early part of the year of "2017", I called Loan Care again and spoke by phone with a different Male - Loan Care Representative (name unknown) and he said that A. Matthews was supposed to have me get a letter on company letter-head, from Kelly Services stating I was a permanent employee.

Calhoun, Teressa R.    V.    Stearns Lending LLC
                                      Loan Care LLC

## Statement of Claim

III.

So, after that time everything starts spiraling, downward with me sending more Loan Modification Applications and getting responses —— and actions of:

- Incomplete Modification Packet
- Missing Documents as proof
- You have a Hardship, but we can not give a Foreclosure Alternative
- Foreclosure Auction Dates
- One Loan Care Rep. saying Modification Packet is Incomplete and a day later Another Loan Care Rep. saying Modification Packet is complete
- Loan Care Rep. mixing up information from one income source with the second income source
- Loan Care Rep. saying they can't see the Gross Income Amount on the income source pay-stub.

Attachment # 8                    page 5

Calhoun, Teressa A.   V.   Stearns Lending L L C
                                    Loan Care L L C

Statement of Claim

II.

And then we come to the Loan
Modification Packet that I mailed
Certified U.S. Postal on the date
of Sept. 13, 2017, that was received
at Loan Care on Sept. 18, 2017
and signed for by a Loan Care
Staff — Jeanne Shiny, but it
wasn't processed or touched for
almost a month. See the enclosed
letter, dated, Nov. 09, 2017, pages
1 - 7 with the subject title —
Faulty Processing of Loss Mitigation
for For Foreclosure and Sale
Auction. This 7-page letter was
mailed to The Office of the
President of Loan Care and
The Consumer Financial Protection
Bureau.

The Loan Care Reps. and Loan Care
Supervisor that I spoke with by
phone was content to do nothing

Attachment # 8                    page 6

Calhoun, Teressa R.  v.  Stearns Lending LLC
                                          LoanCare LLC

toward moving the Modification
Packet of Sept. 18, 2017 forward
for processing because the date
when we were talking on the
phone was Oct. 13, 2017 and the
Loan Care Supervisor said the
Packet was to expire by Oct. 18,
2017 and that I needed to
do another new Modification
Packet. I responded to them
that they dropped the ball in
not processing the Sept. 18, 2017
Packet and that I shouldn't
have to do another new Packet.
This matter was left just
dangling.

So, I started looking for another
job during the Sept. 18, 2017 un-
touched, packet, incident and

Attachment #8

page 7

Calhoun, Teressa R. v. Stearns Lending LLC
Loan Care LLC

Statement of Claim

III. Was hired by a Debt Repair Company on Oct. 09, 2017. During my employment at this new job is where I met an ex-Loss Mitigation Specialist of a different Mortgage Loan Company who advised me to write the letter to the Office of the President of Loan Care and The Consumer Financial Protection Bureau. This new, co-worker of mine also told me to take the Sept. 18, 2017 Modification Packet Forms and re-sign them and date them to the current date and Faxed them to Loan Care on Nov. 14, 2017. Loan Care then mailed me 2-letters, one dated Nov. 17, 2017 saying Loan Care had received a Complete Modification Packet on Nov. 14, 2017 and the second letter, dated

Attachment #8                      page 8

Calhoun, Teressa R.  V.  Stearns Lending LLC
Loan Care LLC

Statement of Claim

III.

Nov. 17, 2017 from Loan Care was a response of Notice of Error Acknowledgement from Mortgage Resolution Unit for my Complaint letter to the Office of the President of Loan Care.

Loan Care's Mortgage Resolution Unit mailed a letter to me on Dec. 06, 2017 saying the missing Sept. 18, 2017 Modification Packet was located and we gave you a 3-month trial payment plan through HAMP and the Substitute Teacher proof of being a permanent employee with Kelly Service was chalked up to Confusion.

I need to go back to the date of Dec. 04, 2017 when I got

Attachment #8                    page 9

Calhoun, Teressa R.    V.    Stearns Lending LLC
Loan Care LLC

Statement of Claim

## III.

a voice mail, left on my cell-phone at about noon-time, from Loan Care, saying that I need to make a Moneygram payment by 4:00 PM, that day of $1,285.20. So, I called the Loan Care Call-Center and asked to speak to the Loan Care Rep. that left the voice-mail. I had to call 2 or 3 times because my calls went to voice-mail. I finally got a Loan Care Rep. (Male) and he did verify that they needed the payment by 4:00 PM that day. I then asked the Loan Care Rep. if this amount of $1,285.20 was going to be my new, modified monthly, payment amount?

Attachment # 8                    page 10

Calhoun, Teressa R.          V.          Stearns Lending LLC
                                        Loan Care LLC

Statement of Claim

III.

The Loan Care Rep. (Male) told me
that after the 3-months trial
period, that my payment would
go down even lower. I asked
him could he send me a letter
Stating what he had just said
and he said I would get a
letter after the 3-months trial
period. After speaking to the Rep.

I made my payment at 2:38
PM and called Loan Care to give
them the Confirmation number
of the Moneygram payment.

I mailed the 2nd payment by
the Feb. 01, 2017 dead-line.

I didn't make the 3rd payment
because I got a statement that

Attachment #8                          page 11

Calhoun, Teressa R.    V.    Stearns Lending LLC
Loan Care LLC

Statement of Claim

14:

Was a monthly, statement that said my Regular Monthly Payment Was $1,445.93 but Regular Monthly Payment should be listed as $1,366.81   The 03/28/2018 Annual Disclosure Statement shows current mortgage payment to be $1,445.93 and it also shows Total New Monthly Payment to be $1,342.73

Well, since I did not have a paper document to verify what the Male - Loan Care Rep. had said that my payments would go down lower after the 3-months trial payments, then I did not make the 3rd payment of the trial because I did not want my actions to Ratify the amount of

Attachment #8                    Page 12

Calhoun, Teressa R.   V.   Stearns Lending LLC
                                    Loan Care LLC

Statement of Claim

III.

$1,285.20 because that was still too high as a Remedy and the ambiguity of what the Loan Care Statement Letters say of Regular Monthly Payments — $1,445.93 and Total New Monthly Payments — $1,342.73 .

I had known my Regular Monthly Payments to go down from $1,366.81 to $1,342.73 because of the discounts given me on my Property Taxes for Homestead Credit and Disability Credit, but to be truthful, I didn't feel that I could trust Loan Care at this point because Good-Faith dealings had not occurred since the very,

Attachment # 8                    page 13

Calhoun, Teressa R.    v.    Stearns Lending LLC
Loan Care LLC

Statement of Claim

III.

first Loan Modification, after Oct. 16, 2016. So, I am still trying to save my House from Foreclosure and I ask that the Courts & Judge hold Stearns Lending LLC and Loan Care LLC accountable for their actions. Also, Know that I could not continue the Investigation with the Consumer Financial Protection Bureau on Nov. and Dec. of "2017", as I was dealing with a medical emergency and I lost my job with the Debt Repair Company and also, I thought I had a Modified Loan at that time that was going to be clousred, monthly, payments.

Attachment #8                    page 14

Calhoun, Teressa R.    V.    Stearns Lending LLC
Loan Care LLC

Statement of Claim

## III.

I do feel that Stearns Lending LLC and Loan Care LLC have violated Laws and Regulations by:

- Loan Care Rep. - A. Matthews did not fully - Disclose the option to get a letter from Kelly Service of borrower being a permanent employee

- Loan Care did not offer term extensions, rate reductions, or/ and principle write downs as relief for the borrowers economic recovery needs

- Loan Care did not provide a written, disclose, notice of the Determination as Final Disapproval Notice concerning the 12-Months Forbearance Payment Plan's end of the disapproval of the Kelly Service job and Substitute Teaching acquired Position

Attachment # 8

page 15

Calhoun, Teressa R.   V.   Stearns Lending LLC
                                     Loan Care LLC

Statement of Claim

III.

- Loan Care's employees, Representatives and Specialist engaged in unfair practices of stating packets to be incomplete when they were complete, as well as, repeatedly mixing up information, making false and misleading statements

- Loan Care neglected to process Packet 09-18-2017 for 25 plus days

- Loan Care's Regular Monthly Statement Amounts are to be questioned

- Loan Care's omissions, false statements and neglect have caused a snowball effect and are Rephensible and liken to Jones V. Wells Fargo, 2012 Bankr Lexis 1450 (E.D. La. 2012) debtor awarded punitive

Attachment #8                                    page 16

Calhoun, Teressa R.      V.      Stearns Lending LLC
Loan Care LLC

Statement of Claim

III.

damages for (A) Degree
of Reprehensibility [HN5]
Infliction of Economic
Injury

I ask that Stearns Lending
LLC and Loan Care LLC
be held accountable for
their wrongs in violating
the laws and regulations
of the Truth in Lending Act,
the Dodd Frank Act, The Real
Estate Settlement Procedure
Act, The Wallstreet Reform, The
Civil U.S. Statutes and the
Consumer Financial Protection
Bureau with Regulations X,
and Z.

Teressa R. Calhoun
Page 17

Attachment # 8

Calhoun, Tonia
           v.
Stearns Lending LLC
Loan Care LLC

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

C.     What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See: Attachment # 8,
        pages 1-17

## IV.     Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.  The current house was built as an answer to address the high cost of elder care and the avoidance of nursing homes. The housing market has escalated far above being able to afford a newly built home. Monthly fees at nursing homes for the elderly start at $3,500.00 to $5,000.00 a month. This house is an economic shelter for me in the future. My plan was to die here.

## V.     Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.  Seeking Compensatory Damages at highest, maximum, allowed for each wrong, committed by the Defendants. Seeking Punitive Damages of $600,000.00 or highest, maximum, allowed, as the wrongs were numerous and reprehensible. Seeking a 250-day Preliminary Injunction to stop Foreclosure set for Feb. 05, 2019, so lawsuit can proceed.