# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TERESSA R CALHOUN § | |
| § | Civil Action No. 4:19-CV-55 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| STEARNS LENDING, LLC, ET AL. § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On January 28, 2020, the report of the Magistrate Judge (Dkt. #159) was entered containing proposed findings of fact and recommendations that Defendant LoanCare, LLC's Motion to Dismiss (Dkt. #116) and Defendants Pulte Mortgage, Centex Homes, PulteGroup, Inc., Pulte Homes of Texas, LP, Pulte Homes, Inc., PGP Title, Inc., Pulte Homes Corporation, and William J. Pulte/William J. Pulte Trust's Motion to Dismiss (Dkt. #117) each be granted. Having received the report of the Magistrate Judge, having considered Plaintiff's Objections (Dkt. #164), Defendants' Responses (Dkts. #167; #170), Plaintiff's Objection to Defendants' Response (Dkt. #171), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

## RELEVANT BACKGROUND

On January 24, and February 4, 2019, respectively, Plaintiff filed two suits in the Eastern District of Texas: *Calhoun v. Stearns Lending, LLC, et al.*, No. 4:19-CV-00055 and *Calhoun v Stearns Lending, LLC, et al.*, No. 4:19-CV-00088; these actions were consolidated, on March 18, 2019, with the instant cause serving as the lead case (Dkt. #38). Plaintiff seeks relief related to the foreclosure of her Property, located at 1716 Megan Creek Drive, Little Elm, Texas, 75068.

On August 13, 2019, subsequent to foreclosure of the Property, Plaintiff filed an Amended Complaint, alleging Defendants "acquire[d] the Plaintiff's house through illegal[] [f]oreclosure" (Dkt. #107 at p. 4), and asserting claims for "[1] Predatory Lending, [and/or] Predatory Mortgage Servicing, [2] Fraud [and/or] Mortgage Fraud, [3] Bad Faith, [4] Dual Tracking, [5] Negligence, . . . [6] Violating [Plaintiff's] Civil Rights [under] Title VII for [sic] Employment, [and 7] Unfair Practices and Deceptive Practices" (Dkt. #107 at p. 4). On January 28, 2020, the Magistrate Judge recommended Defendants' Motions to Dismiss be granted and Plaintiff's claims be dismissed (Dkt. #159). On February 11, 2020, Plaintiff filed her "Response to Report and Recommendation of U.S. Magistrate Judge [a]s [a]n Objection – Dkt. 159" (Dkt. #164). Plaintiff's forty-four (44) page Objections are difficult to decipher, rambling, and do not point to any specific error in the Magistrate Judge's reasoning or conclusions, but rather, again raise many of those same arguments previously advanced, including that Defendants engaged in predatory lending practices and committed fraud in the origination of Plaintiff's loan (Dkt. #164). Plaintiff further continues to request permission to amend her pleadings and to equitably toll limitations. On February 14, 2020, the Pulte Defendants filed a Response to Plaintiff's Objections (Dkt. #167). On February 26, 2020, Defendants LoanCare, LLC and Stearns Lending, LLC also filed a response, arguing "Plaintiff fails to make specific objections to the Magistrate Judge's findings or to provide any coherent explanation as to why her claims should be permitted to go forward" (Dkt. #170 at p. 1). Plaintiff, on February 27, 2020, objected to the Pulte Defendants' Response (Dkt. #171).

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

*Predatory Lending*

Plaintiff's Objections heavily focus on Defendants' purported predatory lending and/or predatory mortgage servicing practices, pointing to their alleged violation of certain HUD guidelines, including what Plaintiff variously refers to as the Qualified Mortgage Rule of 2014 and/or Notice of Guidelines for All Approved Mortgages for Year 2014 (Dkt. #164). In connection therewith, Plaintiff insists her "Debt [t]o Income Ratio, [f]ront to [b]ack was 57/81," far in excess of the purportedly acceptable ratio of "40/50" (Dkt. #164 at pp. 9–10). Plaintiff avers "had the omitted information been disclosed, the Plaintiff, reasonably would have behaved differently in getting the FHA Loan" (Dkt. #164 at p. 19). The Magistrate Judge considered these and/or similar allegations in her report:

> Plaintiff defines "Predatory Lending" as, "an unscrupulous lending practice where the lender takes advantage of a borrower who is low income, elderly or vulnerable and markets inappropriate or expensive products to borrowers who are elderly or have little education and lenders fail to disclose the true risk associated with a loan" [Dkts. 118 at 19; 119 at 19]. In support of her "predatory" claims, Plaintiff alleges Defendants required her to pay a mortgage she could not afford. To that end, Plaintiff repeatedly cites to "the Qualified Mortgage Rule of '2014,'" and claims, "Defendants required the Plaintiff to pay $16,401.72 as a yearly[] mortgage, which was 57% (statistical value) of the Plaintiff's $28,692.00 yearly[] income[,] and Plaintiff unknowingly[] could not maintain the dysfunctional[] budget" [Dkt. 107 at 4, 15, 24].

(Dkt. #159 at pp. 7–8). As the Magistrate Judge found upon considering these allegations, Texas does not recognize an independent cause of action for predatory lending or mortgage servicing (Dkt. #159 at p. 8 (citing numerous cases holding same)). Plaintiff's Objections offer no authority for a contrary determination.

*Request for Equitable Tolling*

As to Plaintiff's fraud claims, she requests the Court equitably toll the applicable limitations period and further asserts her claim should be subject to a 10-year statute of limitations under the "False Claims Act of the FERA '2009', (31 USC 3729)" (Dkt. #164 at pp. 21–26). The

Magistrate Judge expressly considered Plaintiff's request to toll the limitations period (Dkt. #159 at p. 10). And in her Objections, Plaintiff provides no new or additional support for the tolling of the limitations period. Plaintiff merely continues to summarily assert that Defendants engaged in "fraudulent concealment of their wrong-doings" (Dkt. #164 at p. 21). Plaintiff's request for tolling is denied, particularly considering her own admission that, "Plaintiff knew that some type of fraud had to have occurred in processing her home loan" (Dkt. #164 at p. 23).

*Fraud*

Plaintiff also argues Defendants fraudulently completed Plaintiff's loan origination documents (Dkt. #164 at pp. 7–8, 12, 19). The Magistrate Judge (in addition to discussing limitations) found that Plaintiff failed to plead her fraud claims with the specificity required by Federal Rule 9(b) (Dkt. #159 at pp. 10–12). Plaintiff's Objections do not cure this deficiency. Plaintiff avers, in conclusory fashion, "Defendants engaged in false representation of material facts for certifying and qualifying the HUD/FHA Loan[,] . . ." "Defendants actively suppressed the truth[,] . . ." and "Defendants utilized fraud in its origination of the home loan . . ." (Dkt. #164 at pp. 13, 21, 34). Such bald assertions cannot satisfy the requirements of a statutory or common law claim for fraud, and certainly do not constitute the "pleading with particularity" contemplated by Rule 9(b).

*Request for Leave to Amend*

In lieu of dismissal, Plaintiff asks the Court to grant her leave to amend. However, the Court is not persuaded that Plaintiff's pleading deficiencies could or would be cured by a further opportunity to amend her Complaint. Defendants vehemently oppose granting Plaintiff any further opportunities to amend, pointing out that Plaintiff has already had four opportunities to plead, the deadline for seeking leave to amend has long since passed, and further arguing such opportunity

would be futile and needlessly increase the costs incurred by Defendants (Dkts. #167 at pp. 2–3; #170 at pp. 5–13). As to this issue, the Magistrate Judge noted:

> Plaintiff has already been given several opportunities to amend and continues to fail to cure her pleading deficiencies. Additionally, several, if not all of Plaintiff's claims fail as a matter of law and/or are barred by limitations. The Court, therefore, recommends the dismissal of Plaintiff's Second Amended Complaint with prejudice.

(Dkt. #159 at p. 22 n.12). The Court concurs with this finding; Plaintiff's request for leave is denied.

## CONCLUSION

Having considered Plaintiff's Objections (Dkt. #164), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #159) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendants' Motions to Dismiss (Dkts. #116; #117) are each **GRANTED**, and the entirety of Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

All other relief not expressly granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action as well as civil action 4:19-CV-88.

**IT IS SO ORDERED**.

**SIGNED this 13th day of March, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE